# EXHIBIT A

219638169

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

|  |  |
|---|---|
| Brian Edward Sullen,<br><br>                          Plaintiff,<br><br>          -against-<br><br>Synchrony Bank, N.A.; Equifax Information Services LLC; Experian Information Solutions, Inc.<br><br>                     Defendants. | Index No.: 602505/2025<br><br>**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT** |

      **PLEASE TAKE NOTICE THAT** the enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

      **PLEASE TAKE FURTHER NOTICE** that to avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgement part of this form and mail back in the enclosed self-addressed prepaid envelope provided, or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it.

      You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire. If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the within documents in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you. If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint, petition, or subpoena. The time to answer a summons and complaint expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

      If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Please Check One Of The Following; If #2 Is Checked, Complete As Indicated:

1. [X] I am not in military service.

2. [ ] I am in military service, and my rank and branch of service are as follows:

Rank: _____

Branch of Service: _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS:**

I affirm the above as true under penalty of perjury that I received a summons and complaint/ or summons and notice/ or notice of petition and petition/ or subpoena duces tecum/ ad testificandum (strike out inapplicable terms) in the above-captioned matter at (insert address).

Dated: _____       _____
                                       Signature

                                       _____
                                       Print Name

                                       Equifax Information Services LLC____
                                       Name of Defendant

                                       _____
                                       Position with Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| Brian Edward Sullen, | Index No.: 602505/2025 |
| Plaintiff, | |
| -against- | **SUMMONS** |
| Synchrony Bank, N.A.; Equifax Information Services LLC; Experian Information Solutions, Inc. | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT,** should you fail to answer, judgement will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Nassau County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

Dated: Brooklyn, New York
February 3, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Brian Edward Sullen

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:   **SYNCHRONY BANK, N.A.**
c/o Synchrony Financial
399 Park Avenue
Suite 1300
Salt Lake City, Utah 84101

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

|  |  |
|---|---|
| Brian Edward Sullen, | Index No.: 602505/2025 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| Synchrony Bank, N.A.; Equifax Information Services LLC; Experian Information Solutions, Inc. | |
| Defendants. | |

Plaintiff Brian Edward Sullen (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2.      Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]nnacurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit […] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

utilization of such information […]" 15 U.S.C. § 1681.

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.      Plaintiff is an individual and resident of the State of New York, County of Nassau, residing at 102 Florida Street #1, Long Beach, New York 11561-1145.

7.      Defendant Synchrony Bank, N.A. ("Synchrony") is a national banking association organized under the laws of the United States, with its principal place of business at 399 Park Avenue, Suite 1300, Salt Lake City, Utah 84101. Synchrony Bank is a wholly owned subsidiary of Synchrony Financial. Synchrony Bank is one of the major financial institutions that provides credit services and is recognized as a prominent issuer of private-label credit cards and retail credit programs. Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550

Peachtree Street NW, Atlanta, Georgia 30309. Equifax is one of the three national CRAs recognized by the Federal Trade Commission ("FTC").

8.      Defendant Synchrony Bank ("Synchrony") is a national banking association organized under the laws of the United States, with its principal place of business at 399 Park Avenue, Suite 1300, Salt Lake City, Utah 84101. Synchrony Bank is a wholly owned subsidiary of Synchrony Financial. Synchrony Bank is one of the major financial institutions that provides credit services and is recognized as a prominent issuer of private-label credit cards and retail credit programs.

9.      Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

10.     Plaintiff is an individual consumer who discovered inaccuracies related to one account associated with Synchrony in his credit reports ("Synchrony Account").

(a) SYNCB/ TJXDC

- Account Number: 524366****

- Date of Settlement Agreement: November 18, 2024.

11.     A settlement agreement was reached with Synchrony to resolve the debt. The Synchrony Account was settled on November 18, 2024. The balance on the Synchrony Account should reflect $0, with the account status marked as paid and closed.

12.     On the contrary, the Defendant CRAs credit reports reflect that the account is charged off with a balance of $1,829.00.

13.     In November 2024, Plaintiff sent a Notice of Dispute to the Defendant CRAs

disputing the Synchrony Account. A true copy of Plaintiff's Notice of Dispute is annexed as **Exhibit A**. Despite the disputes, the Defendant CRAs did not resolve the discrepancies or removed the incorrect entry, leaving Plaintiff's credit report inaccurate.

14.     Plaintiff, worried about the situation, contacted Synchrony regarding the Synchrony Account and was informed that the account was settled for $1,221.00 and closed on November 18, 2024.

15.     Due to the inaccurate reporting, Plaintiff's credit score has been adversely affected, preventing Plaintiff from securing favorable financial products, including loans and credit, and has resulted in higher interest rates on credit applications.

16.     Plaintiff has suffered significantly trying to obtain new financial products or to improve his quality of life, but his efforts have been affected by the negative impact on his credit score. The ongoing inaccuracies in Plaintiff's credit report have caused significant emotional distress. Plaintiff has experienced frustration, anxiety, and distress from the financial strain caused by the inaccuracies, compounding his existing financial challenges.

## <u>VIOLATIONS OF THE FCRA</u>
### (15 U.S.C. § 1681, *et seq.*)

17.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

18.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

19.     Synchrony is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

20.     Synchrony is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

21.     Subpart of E of regulation V, the FCRA's implementing regulation, applies to

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 10 of 30 PageID #: 14

furnishers of information including Synchrony. *See* 12 C.F.R. §§ 1022.1, 1022.40.

22.     The Defendant CRAs are each a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

23.     The Defendant CRAs each qualify as a consumer reporting agency that complies and maintains files on consumers on a nationwide basis". *See* 15 U.S.C §1681a(p).

<u>COUNT I</u>
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO SYNCHRONY*

24.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

26.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate". *See* 15 U.S.C. § 1681s-2(a)(1)(A). The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

27.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

28.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C § 1681i(a)(2), a furnisher of the disputed

Case 1:25-cv-01319-MMH Document 1-1 Filed 03/07/25 Page 11 of 30 PageID #: 15

information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

29.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

30.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

31.     Synchrony reported inaccurate account information regarding Plaintiff's Synchrony Account to the Defendant CRAs which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

32.     The inaccurate information includes the omission of relevant data, such as positive/ timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances.

33.     Upon information and belief, Synchrony received a notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

34.     Synchrony failed to review the information provided by Plaintiff for any additional information.

35.     Synchrony deliberate and ongoing furnishing of incomplete, inaccurate, and

contradictory information regarding Plaintiff's Synchrony Account has caused Plaintiff to suffer damages, including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorney's fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

36.     As a result of Synchrony's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*As To Synchrony*

37.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38.     After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, Synchrony thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Synchrony Account, in violation of 15 U.S.C. § 1681s-2.

39.     Synchrony "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

40.     Synchrony furnished inaccurate information regarding Plaintiff's Synchrony Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. Synchrony knows or should have known, had they conducted the required investigation,

Case 1:25-cv-01319-MMH Document 1-1 Filed 03/07/25 Page 13 of 30 PageID #: 17

that the information they furnished to the Defendant CRAs was inaccurate.

41. As a compiler and furnisher of consumer information concerning Plaintiff's Synchrony Account, Synchrony had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

42. Upon information and belief, Synchrony has further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

43. Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate information and damaging credit information.

44. Synchrony's negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Synchrony Account has caused Plaintiff to suffer damage, including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

45. As a result of Synchrony's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys and costs incurred in connection with this action.

### COUNT III
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*As To The Defendant CRAs*

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 14 of 30 PageID #: 18

46.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

48.     The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

49.     Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure accuracy of reported information concerning Plaintiff's Synchrony Account.

50.     Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or Synchrony for any additional information that would assist in a reasonable investigation.

51.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

52.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless and willful.

53.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA,

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 15 of 30 PageID #: 19

Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

## COUNT IV
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*AS TO THE DEFENDANT CRAS*

54.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

55.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Synchrony Account.

56.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

57.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## COUNT V
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*AS TO THE DEFENDANT CRAS*

58.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

59.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency […] of such dispute, the agency shall, free of charge, conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file […]" 15 U.S.C. § 1681i(a)(1)(A).

60.     This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

61.     The Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

62.     "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in the paragraph (1) (A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

63.     Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

64.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Synchrony Account.

65.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

66.     Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the result of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

67.     The Defendant CRAs further failed to correct inaccurate and damaging credit

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 18 of 30 PageID #: 22

information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

68.     The Defendant CRAs failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

69.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorney's fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

<u>**COUNT VI**</u>
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO THE DEFENDANT CRAS*

70.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

71.     Upon receipt of Plaintiff's Notice of dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file., and to ensure the accuracy of reported information concerning Plaintiff's Synchrony Account.

72.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

73.     The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or Synchrony, for any additional information that would assist in a reasonable investigation.

74.     The Defendant CRAs failed to correct inaccurate and damaging credit information

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 19 of 30 PageID #: 23

contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

75.    This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

76.    As a result of the Defendant's CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## <u>VIOLATIONS OF N.Y. GENERAL BUSINESS LAW</u>

77.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

78.    Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

79.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

80.    Synchrony is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

81.    The Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

## <u>COUNT VII</u>
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### *AS TO SYNCHRONY*

82.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

83.    The NYFCRA prohibits the knowing and willful introduction or attempt to

introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons

who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

84.     As a result of Synchrony's knowing and willful introduction of false information

regarding Plaintiff's Synchrony Account into the files of the consumer credit bureaus, Plaintiff has

suffered damages including loss and reduction of credit, damage to his credit rating, higher interest

rates and unfavorable terms on any available credit options, payment of attorneys' fees and other

costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual

damages.

85.     As a result of Synchrony foregoing conduct in violation of the NYFCRA, Plaintiff

has been damaged and is entitled to damages pursuant to GBL § 380-l, including; (i) statutory

damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages,

including but not limited to damages pertaining to securing attorney and other professional

representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit

defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this

action, in an amount to be determined by the Court.

### COUNT VIII
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
*AS TO THE DEFENDANT CRAS*

86.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully

set forth herein.

87.     Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such*

*dispute is directly conveyed to the consumer reporting agency by the consumer, the*

*consumer reporting agency shall promptly re-investigate and record the current*

*status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

88.    If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports" and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

89.    Further "if any item disputed and reinvestigated is found to be in error or can no longer verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting in any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

90.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the result of the investigation, and fulfill any additional requirements of GBL § 380-f.

91.    The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

92.    Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

93.    As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options,

payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and other actual damages.

94.     Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

95.     The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
       February 3, 2025

PETROFF AMSHEN LLP
*Attorneys for Plaintiff,*
Brian Edward Sullen

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

# EXHIBIT A

Case 1:25-cv-01319-MMH    Document 1-1    Filed 03/07/25    Page 24 of 30 PageID #: 28

**Certified Mail Tracking Information**

**Name: Brian Sullen**
**Date sent: 11/27/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765455270645

**EX**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765455270386

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765455270409

**Brian Sullen**
102 Florida St
Long Beach, New York 11561
Date of Birth: 09/14█████
SS#: 5555

**Notice of Dispute**

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

11/27/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Collection account has inaccurate information
   PORTFOLIO
   Account Number: CITIB-6938007346****
   I believe this collection account is reporting inaccurately because I settled this debt for $1,617 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

2. Collection account has inaccurate information
   CAVALRY PORT
   Account Number: 2241****
   I believe this collection account is reporting inaccurately because I settled this debt for $402 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

3. Charge-off account has inaccurate information
   SYNCB/TJXDC
   Account Number: 524366105980****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $1221on November 17, 2024. This account should be reported as paid and closed with a

0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

4. Charge-off account has inaccurate information
   JPMCB CARD
   Account Number: 42668413****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $664 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

5. Charge-off account has inaccurate information
   CITIBANKNA
   Account Number: 84850**
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $2779 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Brian Sullen

**Brian Sullen**
102 Florida St
Long Beach, New York 11561
Date of Birth: 09/14/█████
SS#: 5555

**Notice of Dispute**

Experian
P.O. Box 4500
Allen, TX 75013

11/27/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Collection account has inaccurate information
   PORTFOLIO RC
   Account Number: 426938007346****
   I believe this collection account is reporting inaccurately because I settled this debt for $1,617 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

2. Collection account has inaccurate information
   CAVALRY PORT
   Account Number: 2241****
   I believe this collection account is reporting inaccurately because I settled this debt for $402 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

3. Charge-off account has inaccurate information
   SYNCB/TJXDC
   Account Number: 524366105980****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $1221on November 17, 2024. This account should be reported as paid and closed with a

0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

4. Charge-off account has inaccurate information
   JPMCB CARD
   Account Number: 42668413****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $664 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

5. Charge-off account has inaccurate information
   CITIBANKNA
   Account Number: 84850**
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $2779 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Brian Sullen

**Brian Sullen**
102 Florida St
Long Beach, New York 11561
Date of Birth: 09/14/█████
SS#: 5555

**Notice of Dispute**

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

11/27/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Collection account has inaccurate information
   PORTFOLIO RC
   Account Number: 426938007346****
   I believe this collection account is reporting inaccurately because I settled this debt for $1,617 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

2. Collection account has inaccurate information
   CAVALRY PORT
   Account Number: 2241****
   I believe this collection account is reporting inaccurately because I settled this debt for $402 on November 20, 2024, and no longer owe a balance. The reporting balance should be zero and marked as paid and closed. I have included a screenshot as proof that the debt was paid and satisfied as of November 2024. Additionally, the creditor agreed to request deletion of this tradeline upon payment, so I request that this account be removed from my credit report. This inaccurate reporting has harmed my credit and affected my ability to utilize it. Please investigate this issue and make the necessary corrections immediately.

3. Charge-off account has inaccurate information
   SYNCB/TJXDC
   Account Number: 524366105980****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $1221on November 17, 2024. This account should be reported as paid and closed with a

0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

4. Charge-off account has inaccurate information
   JPMCB CARD
   Account Number: 426684136863****
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $664 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

5. Charge-off account has inaccurate information
   CITIBANKNA
   Account Number: 84850**
   I believe the balance on this delinquent account is reporting inaccurately because I settled this debt for $2779 on November 17, 2024. This account should be reported as paid and closed with a 0 balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccuracy is damaging my credit and my ability to utilize my credit. Please review the provided proof and investigate this issue. Upon review please either remove this charge-off account from my credit report or update it to reflect a paid and closed status with a 0 balance.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Brian Sullen